<table>
<tr><td>

**Fill in this information to identify your case:**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

Debtor 1     **Susanne**     **Marie**     **Carroll**
First Name     Middle Name     Last Name

Debtor 2
(filing spouse)     First Name     Middle Name     Last Name

Case number:     **17-42077-btr-13**

</td><td>

**For amended plans only:**

☑ Check if this amended plan is filed prior to any confirmation hearing.

☑ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:

_____
_____
_____
_____

</td></tr>
</table>

**TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

**Adopted: Dec 2017**

| **Part 1:** | **Notices** |
|---|---|

**To Debtor\*:**     This plan form is designed for use when seeking an initial confirmation order.  It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served.  The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

\* The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

**To Creditors:**     **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan.  An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing.  That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case.  The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f).  In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan.  The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case.  Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan.  See § 9.1.

***The Debtor must check on box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.***

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ **Not included** |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ **Not included** |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☑ **Not included** |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☑ **Not included** |

Debtor   **Susanne Marie Carroll**                                              Case number   **17-42077-btr-13**

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1**   **The applicable commitment period for the Debtor is** _____36_____ **months.**

**2.2**   **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date* or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the **"Plan Term"**). The payment schedule shall consist of:

* The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☑ **Constant Payments:**   The Debtor will pay   **$325.00**   per month for   **47**   months.

☐ **Variable Payments:**   The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3**   **Mode of Payment.**   Regular payments to the Trustee will be made from future income in the following manner:

*[Check one]*

☐   Debtor will make payments pursuant to a wage withholding order directed to an employer.

☐   Debtor will make electronic payments through the Trustee's authorized online payment system.

☑   Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐   Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4**   **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1)   supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2)   remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5**   **Additional payments.**   *[Check one]*

☑ **None.**   *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6**   **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is   **$15,275.00**   which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the **"Plan Base."**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1**   **Post-Petition Home Mortgage Payments.**   *[Check one]*

☐ **No Home Mortgage.**   *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☐ **Home Mortgage Maturing Before or During Plan Term.**   *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 need not be completed.*

Debtor   **Susanne Marie Carroll**                                                    Case number   **17-42077-btr-13**

☑   **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence.  The listed monthly payment amount is correct as of the Petition Date.  Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term.  The fulfillment of this requirement is critical to the Debtor's reorganization effort.  **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a).*** The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

*All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| 1.<br>**Liberty National Bank** | **2140 E. Polk Paris, TX 75460** | $322.00<br><br>Amount inc:<br>☐ Tax Escrow<br>☐ Insurance Escrow<br>☐ Other _____ | _____ |

**3.2**   **Curing Defaults and Maintenance of Direct Payment Obligations.**   *[Check one]*

☐   **None.**   *If "None" is checked, the remainder of § 3.2 need not be completed.*

☑   **Cure Claims.**   On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan.  While remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed below (a "Cure Claim").  Each listed claims constitutes a separate class.  The total amount of each allowed Cure Claim will be paid in full by the Trustee.  The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each Cure Claim listed below until such time as the allowed amount of each Cure Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules.  The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected Cure Claim amount listed below.  No interest will be paid on any Cure Claim in the absence of documentary proof that the applicable contractual documents entitle the claimant to receive interest on unpaid interest.

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination.  If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted.  In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the Cure Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.  The completion of payments contemplated in this subsection constitutes a cure of all defaults of the Debtor's obligation to each listed claimant.

Debtor   **Susanne Marie Carroll** _____   Case number   **17-42077-btr-13** _____

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| 1.<br><br>**Lamar CAD**<br><br>☐ Debt Maturing During Plan Term.<br>☐ Debt Maturing After Completion of Plan Term.<br>☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | **2140 E. Polk Paris, TX 75460** | | **$6,056.20** | **12.00%** | **Pro-Rata** | **$7,595.01** |
| 2.<br><br>**Liberty National Bank**<br><br>☑ Debt Maturing During Plan Term.<br>☐ Debt Maturing After Completion of Plan Term.<br>☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | **2140 E. Polk Paris, TX 75460** | **$322.00** | **$1,500.00** | **0.00%** | **Pro-Rata** | **$1,500.00** |

**3.3   Secured Claims Protected from § 506 Bifurcation.**   *[Check one]*

☑ **None.**  *If "None" is checked, the remainder of § 3.3 need not be completed.*

**3.4   Secured Claims Subject to § 506 Bifurcation.**

*[Check one]*

☑ **None.**  *If "None" is checked, the remainder of § 3.4 need not be completed.*

**3.5   Direct Payment of Secured Claims Not in Default.**   *[Check one]*

☑ **None.**  *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6   Surrender of Property.**   *[Check one]*

☐ **None.**  *If "None" is checked, the remainder of § 3.6 need not be completed.*

☑ **Surrender of Collateral and Related Stay Relief.**  The Debtor surrenders to each claimant listed below the property that secures that creditor's claim and requests that, upon confirmation of this plan, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects.  The affected claimant shall have **ninety (90) days after the Effective Date of the Plan** to file a proof of claim, or an amended claim, regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral.  Any such allowed general unsecured claim will thereafter be treated in Part 5 below.

| Claimant | Collateral Description | Collateral Location |
|---|---|---|
| 1.<br><br>**CREDIT ACCEPTANCE CORPORATION** | **2007 Saturn Ion SURRENDERED** | |
| 2.<br><br>**CREDIT ACCEPTANCE CORPORATION** | **2007 Saturn APD PAID** | |

Debtor   **Susanne Marie Carroll**                                          Case number   **17-42077-btr-13**

---

**3.7   Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law.  The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a).  In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

---

**3.8   Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee.  The Debtor must also pay all ad valorem taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period.  Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

---

**3.9   Lien avoidance.**   *[Check one]*

☑  **None.**  *If "None" is checked, the remainder of § 3.9 need not be completed.*

---

**3.10   Rule 3012 Valuation of Collateral.**   *[Check one]*

☑  **None.**  *If "None" is checked, the remainder of § 3.10 need not be completed.*

---

**3.11   Lien Removal Based Upon Unsecured Status.**   *[Check one]*

☑  **None.**  *If "None" is checked, the remainder of § 3.11 need not be completed.*

---

| **Part 4:** | **Treatment of Administrative Expenses, DSO Claims and Other Priority Claims** |

---

**4.1   General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest.  Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules.  The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

---

**4.2   Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

---

| Debtor | **Susanne Marie Carroll** | Case number | **17-42077-btr-13** |
|---|---|---|---|

**4.3   Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is   **$4,000.00**   . The amount of   **$0.00**   was paid to the Debtor's attorney prior to the Petition Date.  The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1);   ☐ by submission of a formal fee application.

**LBR 2016(h)(1):**  If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that local rule.  The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order.  No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:**   If the attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1).  If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

**4.4   Priority Claims:  Domestic Support Obligations ("DSO").**   *[Check one]*

☑ **None.**  *If "None" is checked, the remainder of § 4.4 need not be completed.*

**4.5   Priority Claims:  DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.**   *[Check one]*

☑ **None.**  *If "None" is checked, the remainder of § 4.5 need not be completed.*

**4.6   Priority Claims:  Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.**   *[Check one]*

☑ **None.**  *If "None" is checked, the remainder of § 4.5 need not be completed.*

**Part 5:      Treatment of Nonpriority Unsecured Claims**

**5.1   Specially Classed Unsecured Claims.**      *[Check one]*

☑ **None.**  *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2   General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at**   _____  ;

☐ **100% + Interest at**   _____   **with no future modifications to treatment under this subsection;**

☑ **Pro Rata Share:**   of all funds remaining after payment of all secured, priority, and specially classified claims.

**5.3   Liquidation Analysis:  Unsecured Claims Under Parts 4 and 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately   **$239.05**   .  Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

Debtor    **Susanne Marie Carroll**                                    Case number    **17-42077-btr-13**

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1**    **General Rule - Rejection.**    The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED.** All other executory contracts and unexpired leases of the Debtor are **REJECTED.**

*[Check one.]*

☑    **None.**    *If "None" is checked, the remainder of § 6.1 need not be completed.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1**    Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

| Part 8: | **Nonstandard Plan Provisions** |

☑    **None.**    *If "None" is checked, the rest of Part 8 need not be completed.*

| Part 9: | **Miscellaneous Provisions** |

**9.1**    **Effective Date.**    The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2**    **Plan Distribution Order.**    Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3**    **Litigation Proceeds.**    No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

| Part 10: | **Signatures** |

X **/s/ Marcus Leinart**                                        Date **01/12/2018**

**Signature of Attorney for Debtor(s)**

X _____                    Date_____

X _____                    Date_____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

Debtor  **Susanne Marie Carroll**                                        Case number  **17-42077-btr-13**

| Part 11: | Certificate of Service to Matrix as Currently Constituted by the Court |
|---|---|

I hereby certify that the above and foregoing document was served upon all of the parties as listed on the attached master mailing list (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on January 12, 2018:

**/s/ Marcus Leinart**
**Marcus Leinart**

Label Matrix for local noticing
0540-4
Case 17-42077
Eastern District of Texas
Sherman
Fri Jan 12 17:18:24 CST 2018

AT&T Mobility II LLC
% AT&T Services, Inc
James Grudus, Esq.
One AT&T Way, Room 3A218
Bedminster, NJ 07921-2693

Account Recovery Svcs
3144 Sw 28th Ave Ste A
Amarillo, TX 79109-3169

Adkins Unitd
306 Clarksville St
Paris, TX 75460-5932

Adkins United Finance
306 Clarksville
Paris, TX 75460-5932

Alliance Finance Company
25 NE 20th Street
Paris, TX 75460-4715

American InfoSource LP as agent for
Midland Funding LLC
PO Box 268941
Oklahoma City, OK  73126-8941

Attorney General of Texas
Collections Div/ Bankruptcy Section
PO Box 12548
Austin, TX 78711-2548

B & F Finance
221 N. Broadway
Hugo, OK 74743-3859

Bay Area Credit
PO Box 468449
Atlanta, GA 31146-8449

Burns & Carlisle
PO Box 1460
Sulphur Springs, TX 75483-1460

Burns & Carlisle Inc
122 Lee St
Sulphur Springs, TX 75482-4343

CCM Enterprises
PO Box 781317
Wichita, KS 67278-1317

CIty Finance
1559 Clarksville St.
Paris, TX 75460-6077

(p)CREDIT ACCEPTANCE CORPORATION
25505 WEST 12 MILE ROAD
SOUTHFIELD MI 48034-8316

Carey D. Ebert
500 N. Central Expressway, Suite 350
Plano, TX 75074-6791

Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

Susanne Marie Carroll
2140 E Polk Street
Paris, TX 75460-7599

Cash Express
3365 Lamar Ave
Paris, TX 75460-5023

Cash Max
147 N. Collegiate Dr.
Paris, TX 75460-4842

Cash Store
3848 Lamar Ave.
Paris, TX 75462-5205

City Finance
215 N Travis St
Sherman, TX 75090-5922

Colortyme Loans
2060 Lamar Ave.
Paris, TX 75460-4752

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Cottonwood Financial Texas, LP
1901 Gateway Drive
Suite 200
Irving, TX 75038-2425

Cr England
4701 West 2100 Sou
Salt Lake City, UT 84120

Credit Acceptance
25505 West Twelve Mile Rd
Suite 3000
Southfield, MI 48034-8331

Credit Acceptance
PO Box 513
Southfield, MI 48037-0513

EZ Loan Services
1455 Clarksville St
Paris, TX 75460-6034

Edward Sloan & Associa
PO Box 788
Winnsboro, TX 75494-0788

High Plains Radiological Associates
c/o Account Recovery Services Inc
3144 W 28th Suite A
Amarillo, TX 79109-3169

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

J. Brian Allen
Attorney At Law
P.O. Box 1398
Sulphur Springs, TX 75483-1398

J. Brian Allen
P.O. Box 1398
Sulphur Springs, TX 75483-1398

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LIberty National
c/o Don Biard
38 1st NW
Paris, TX 75460-4103

LIberty National Bank
c/o Don Biard
38 1st NW
Paris, TX 75460-4103

Lamar CAD
Linebarger Goggan Blair & Sampson,LLP
c/o Melissa Palo
2777 N Stemmons Freeway
Suite 1000
Dallas, TX 75207-2328

Lamar CAD
Linebarger Goggan Blair & Sampson LLP
c/o Melissa L. Palo
2777 N. Stemmons Freeway
Suite 1000
Dallas, Tx 75207-2328

Lamar CAD
c/o Laurie Spindler
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX 75201-2637

Lamar CAD
c/o Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson,LLP
2323 Byran Street Suite 1600
Dallas, TX 75201-2637

Lamar County Tax Assessor-Collector
231 Lamar Avenue, 2nd Floor
Paris, TX 75460-4308

Marcus Leinart
Leinart Law Firm
11520 N. Central Expwy.  Suite 212
Dallas, TX 75243-6608

Leinart Law Firm
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243-6608

Liberty National Bank
305 Lamar Ave
Paris, TX 75460-4325

Linebarger Goggan Blair et al
2323 Bryan St, Ste 1600
Dallas, TX 75201-2637

MCM
PO Box 60578
Los Angeles, CA 90060-0578

Medical Claims And Col
Po Box 2687
Daphne, AL 36526-2687

Michael D. Carroll
2140 E. Polk St.
Paris, TX 75460-7599

Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123-2255

Midland Funding LLC
by American InfoSource LP as agent
PO Box 4457
Houston, TX  77210-4457

Midland Funding LLC by American InfoSour
PO Box 4457
Houston, TX 77210-4457

Noble Fin
118 Clarksville
Paris, TX 75460-5811

ONEMAIN FINANCIAL
605 MUNN ROAD
FORT MILL, SC 29715-8421

One Main Financial
P. O. Box 70912
Charlotte, NC 28272-0912

OneMain
PO Box 3251
Evansville, IN 47731-3251

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Melissa L. Palo
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207-2328

Plano - U. S. Bankruptcy Court
Suite 300B
660 North Central Expressway
Plano, TX 75074-6795

Portfolio Investments II LLC
c/o Recovery Management Systems Corporat
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

Quantum3 Group LLC as agent for
Capio Partners LLC
PO Box 788
Kirkland, WA  98083-0788

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Recovery Management Systems Corporation
25 S.E. Second Avenue
Suite 1120
Miami, FL 33131-1605

SECURITY FINANCE CENTRAL BANKRUPTCY
P O BOX 1893
SPARTANBURG SC 29304-1893

SFC-Central Bankruptcy
P.O. Box 1893
Spartanburg, S.C. 29304-1893

Sarma Coll
1801 Broadway St
San Antonio, TX 78215-1227

Southwest Credit Syste
4120 International Parkway Suite 1100
Carrollton, TX 75007-1958

Southwestern Bell Telephone Company
% AT&T Services, Inc
James Grudus, Esq.
One AT&T Way, Room 3A218
Bedminster, NJ 07921-2693

State of Texas
HHS Employee Service Center
PO Box 6629
Round Rock, TX 78683-6629

Statewidecol
3626 N. Western
Oklahoma City, OK 73118-5660

Stephen G. Wilcox
Wilcox Law, PLLC
PO Box 11509
Fort Worth, TX 76110-0509

Sun Loan Company
111 N. Broadway
Hugo, OK 74743-4030

Sunbelt Credit
201 N. Collegiate
Paris, TX 75460-1494

Susanne M. Carroll
2140 E. Polk St.
Paris, TX 75460-7599

Texas Alcoholic Beverage Commission
Licenses and Permit Division
PO Box 13127
Austin, TX 78711-3127

Texas Workforce Commission
TEC Building- Bankruptcy
101 E 15th St
Austin, TX 78778-0001

The Law Offices Of Mit
2222 Texoma Pkwy Ste 160
Sherman, TX 75090-2482

The Law Offices of Mitchell D. Bluhm
2222 Texoma Pkwy Ste 160
Sherman, TX 75090-2482

Tristram Coffin
555 Zang St.
Lakewood, CO 80228-1010

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney General
Dept. of Justice
Main Justice Bldg
10 and Constitution, NW
Washington, DC  20530-0001

United States Attorney's Office
110 North College Ave, Ste 700
Tyler, TX 75702-0204

United States Attorneys Office
110 North College Ave Ste 700
Tyler, Texas 75702-0204

United States Trustee's Office
110 North College Ave, Ste 300
Tyler, TX 75702-7231

United States Trustee- Eastern District
110 N. College Ave, Ste 300
Tyler, TX 75702-7231

Verichek
PO Box 3218
Abilene, TX 79604-3218

Verizon Wireless
Verizon Wireless Department/Attn: Bankru
PO Box 3397
Bloomington, IL 61702-3397

Western Finance
1245 Clarksville St.
Paris, TX 75460-6030

Western Shamrock Corporation
Attention: Bankruptcy
801 S Abe St.
San Angelo, TX 76903-6735

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CREDIT ACCEPTANCE CORPORATION
25505 WEST 12 MILE ROAD
SOUTHFIELD MI 48034-8316

Comptroller of Public Accounts
Revenue Accounting/ Bankruptcy Div
PO Box 13528
Austin, TX 78711

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Credit Acceptance Corporation

(du)Credit Acceptance Corporation

(d)Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

(d)Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

(d)Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

(u)Sun Loan Company

(d)U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave.,NW
Washington, DC 20530-0001

(d)US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

(d)Stephen G. Wilcox
Wilcox Law, PLLC
P.O. Box 11509
Fort Worth, TX 76110-0509

End of Label Matrix
Mailable recipients    89
Bypassed recipients    10
Total                  99